# CASES

# SUPREME JUDICIAL COURT,

## COUNTIES OF WASHINGTON AND AROOSTOOK,

### ARGUED JULY TERM, 1847.

---

## WILLIAM BENSON *versus* WILLIAM THOMPSON.

Where a ship is owned by two persons in equal shares, and one of them without any authority from the other, and without his knowledge or consent, repairs the vessel in a home port, he cannot recover of the other owner, any portion of the money expended for such repairs.

THE plaintiff and defendant were the owners of the brig Martha Ann, in equal shares, from June 19th to September 10th, 1842. This is an action of assumpsit on an account annexed, with the money counts, wherein the plaintiff claims to recover of the defendant one half of the amount of the money expended by him, in repairs of the brig during the time they were joint owners.

Upon the evidence contained in nine depositions and a bill of sale, which were not to be copied but referred to, the parties agreed to submit the case for decision to the Court, " they making such inferences from the facts as a jury might do, on applying the principles of law to the whole evidence."

The view taken of the evidence by the Court appears in the opinion.

The case was argued in writing.

*J.* and *B. Bradbury,* for the plaintiff.

Between the 19th of June and the 10th of September, 1842, (during which time the plaintiff and defendant owned the vessel in equal proportions) certain repairs were made on the brig by plaintiff, amounting to $174,14, and wages accrued to Simon McDonald to the amount of $76,34. This action is brought to recover one-half of each of these sums of the defendant, the registered owner of the vessel during this period.

The present action is *indebitatus* assumpsit, brought upon an account annexed to the writ, with the usual money counts. Can it be maintained?

Part owners of ships are not partners, but tenants in common. 3 Kent's Commentaries, 151, 152, 154. Story's Abbott on Shipping, 68, (4th Am. Ed.); Collyer on Partnership, 681. The rights of tenancy in common, apply to the cargo as well as to the ship. 3 Kent, 157; *Jackson v. Robinson,* 3 Mason, 138. In fitting out a ship for a voyage, if one part owner advances the share of another, that constitutes a debt which he is entitled to recover in an action at law. Collyer on Partnership, 681. The rights of tenancy in common among part owners, apply to repairs as well as ownership, cargo, &c. Part owners are never constituted partners, *ipso facto,* in any thing pertaining to the vessel.

As the law presumes that the common possessor of a valuable chattel, will desire whatever is necessary to the preservation and employment of the common property, part owners have an implied authority to order for the common concern, whatever is necessary for the preservation and proper employment of the ship. Where a part owner pays the whole bill for repairs, or more than his proportion, he can call on the remaining part owners for contribution. Story on Partnership, 580, and authorities there cited. *Marshall* v. *Winslow,* 2 Fairf. 59.

The statute of 4 and 5 Anne, gave tenants in common of chattels, an action of account against each other for the recovery of any balances due either on account of the joint property. The action of the case has been substituted for the old action of account. *Indebitatus* assumpsit lies where one has received more than his share of the joint profits, or incurred

more than his share of the joint expenses. So that no objection can be properly taken to this form of action. *Brigham* v. *Eveleth,* 9 Mass. R. 538; and *Jones* v. *Haraden,* referred to therein, and there reported. *Fanning* v. *Chadwick,* 3 Pick. 420. 16 Pick. 401, is the case of a ship's husband against the other part owners.

Regarding this, then, as a question between part owners of the brig Martha Ann, the plaintiff is entitled to recover the amount which he claims in this action. This was the only transaction between these parties. The repairs were necessary and proper to fit the vessel for sea. The plaintiff, being in possession, had an implied authority to make them. The defendant received the additional value of the vessel in consequence of the repairs, and in good conscience has so much money in his hands belonging to the plaintiff.

*J. Granger,* for the defendant.

Can a part owner of a chattel incur expense upon it, without the knowledge or consent of his co-owner, and maintain an action against him for any part of such expense ?

It seems to be well settled, by the common law of England, that he cannot. Story on Partnership, § 421, 427; Abbott on Shipping, 70. The common law on this subject remains unchanged by any statutory provision.

In no country, so far as my researches have extended, has it ever been decided, that one part owner of a ship, may compel his co-owner by suit to pay for repairs done without any notice to him.

The plaintiff's action cannot be maintained, because the general principle of law which has been uniformly adhered to in England is, that " if there be no express or implied agreement between the owners, either by their conduct, or by their acts, sanctioning any such repairs or expenditures, although any one or more of the owners have a right to incur them, yet they have no remedy over against the others for contribution for repairs or other expenditures made by them for the proper or necessary preservation of the vessel ; but they must, whether they constitute a majority or minority of the owners, bear the

whole charge." Story on Partnership, § 421, 427; Abbott on Shipping, 70. And because the expenditures were made without the knowledge or consent of the defendant.

It is quite clear that a partner or tenant in common, can maintain no action at common law against his partner, after the partnership is dissolved even, or the common property has been sold, so long as there are a variety of outstanding claims upon the partnership, or upon the tenants in common. The action of assumpsit cannot be maintained, unless in a case where the judgment would be a final settlement between the parties. *Williams* v. *Henshaw*, 11 Pick. 79 ; *Vinal* v. *Burrill*, 16 Pick. 401 ; 6 Barn. and Cresw. 149.

The opinion of the Court was by

WHITMAN C. J. — The plaintiff seeks to recover of the defendant the one half of a certain sum, expended in repairs upon a vessel, jointly owned by them. It does not appear that the defendant had appointed the plaintiff ship's husband, or had ever requested him to make the repairs, or that any were desired or necessary to be made. Yet they were made at a home port, within some six or eight miles of the defendant's residence ; and it does not satisfactorily appear, that he has ever assented to the propriety of their being made.

It is contended, however, by the plaintiff, that the defendant, whether he had knowledge or not that repairs were making, or gave his consent that they should be made or not, is nevertheless, liable for his proportion of the cost. This is a position which it will be difficult to sustain. That, as a general rule, one part owner of a chattel can bestow repairs upon it, and charge the one half, or any other proportion of the amount, to his co-tenant without obtaining his assent to the making of them, would hardly comport with the principles of justice.

But it would seem, that the plaintiff relies upon a distinction, supposed to exist between a ship and other chattels, in reference to the matter of repairs. And there are cases, where one co-tenant of a ship has been recognized by the oth-

ers as ship's husband, or managing owner, in which he may cause repairs to be made, without consulting them, and charge the expense to each according to his proportion of interest therein. And so also, if repairs become necessary in a foreign port, and are made to enable a ship to perform a voyage, upon which she had been despatched by all concerned, a contribution might be called for by the one who had advanced his money for the purpose. And it has been held that, as mechanics have a lien upon a ship, in certain cases, when repaired by them, they may, in such cases, though set to work by but one of the owners, maintain an action against them all for their pay. But that one of the joint owners of a ship, in a home port, can be allowed to incur an expenditure for repairs, without the knowledge and consent of the others, and then sue them for their proportions has never been allowed.

Mr. Abbott, in his Treatise on Shipping, (page 84,) after noticing, that some foreign writers have laid it down as a rule, if a ship is in need of repairs, and one part owner is willing to repair, and the other not, the one who is willing, may repair her at their joint expense, remarks that he does not find this rule adopted in practice in any country, and that such a rule in the case of the poverty of him who might be unwilling, would be extremely cruel.

But it is insisted, that the defendant had knowledge of the expenditure, and promised to pay his proportion of it; and, by the agreement of the parties, we are to determine whether such was the fact or not. Upon an examination of the evidence we are unable to come to the conclusion that such was the fact. The witness relied upon to prove it, was Simon McDonald. Taking him to be a credible witness, — and we are not disposed to go into an inquiry whether he is so or not, — his testimony is vague and unsatisfactory. It does not show that the defendant, prior to the time he speaks of, had knowledge of the expenditure; and of course, when he replied as the witness says he did, it cannot be inferred conclusively that he had any reference to a bill for repairs. The defendant may well be supposed to have known of the pre-

vious connection of the plaintiff with the vessel; and may be believed to have understood the plaintiff to refer to the old unsettled accounts concerning it. At any rate we cannot conclude, that the defendant had reference to the present claim, with any well grounded assurance. *Plaintiff nonsuit.*